UNION TRUST CO. *v.* MICHIGAN ELECTRIC CO.

CONTRACTS—CONSTRUCTION.

A dealer in electric lamps agreed with a manufacturer to carry a specified number of the manufacturer's lamps in stock at all times, the dealer to give a note, which he was to be allowed to settle "by return of lamps * * * at any time at the option of either party, and by a 60-day notice by either party." *Held,* that the manufacturer did not have the right to elect to take lamps in payment of the indebtedness, such election being the right of the dealer; the words "at the option of either party" relating to the time of payment, giving either party the option of determining when the note should be paid.

Appeal from Wayne; Brooke, J. Submitted April 5, 1905. (Docket No. 13.) Decided May 12, 1905.

Foreclosure bill by the Union Trust Company, trustee, against the Michigan Electric Company, in which the Bryan-Marsh Company intervened by petition asking for the surrender of certain lamps. From an order denying the petition, petitioner appeals. Affirmed.

*Angell, Boynton, McMillan & Bodman,* for complainant.

*Stellwagen & MacKay,* for petitioner.

CARPENTER, J. In February, 1904, defendant Michigan Electric Company executed to complainant a trust mortgage for the benefit of its creditors. A suit was commenced to foreclose said mortgage, and complainant was appointed receiver. Among the assets coming into complainant's possession and covered by the mortgage were a large number of incandescent lamps. The Bryan-Marsh Company filed an intervening petition asking that there be turned over to it sufficient of these lamps to satisfy its

claim of $2,500 against said principal defendant. In the circuit court a hearing was had on this petition, testimony was taken, and the petition denied. Petitioner appeals.

Did the trial court err in denying said petition ? Petitioner bases its right to these lamps in part on a certain written agreement and in part on a subsequent oral modification of that agreement. The testimony convinces us that the written agreement was never orally modified. Petitioner's rights must therefore be determined by the written agreement. That agreement was signed by each party thereto, and was as follows:

"This Supplemental Agreement dated this 13th day of July, 1903, between the Bryan-Marsh Company of Chicago, Illinois, party of the first part, and the Michigan Electric Company, of Detroit, Michigan, party of the second part.

"*Witnesseth*, Whereas the party of the second part agrees to carry in stock twenty-five thousand (25,000) incandescent lamps and give party of the first part a monthly report of same accompanied by an order calling for enough lamps to make the quantity in stock equal to twenty-five thousand (25,000) lamps. Party of the first part agrees to allow party of the second part to give party of the first part a $2,500 note without interest, to be renewed every four months, with the understanding that the stock of the party of the second part is at all times kept at 25,000 lamps. The party of the second part hereby agrees that the amount of invoices for lamps ordered during any one month will be paid for in cash on or before the twentieth of the month following dates of invoices.

"Party of the first part agrees to allow party of the second part to settle the above $2,500 note by the return of lamps to that amount at purchase price at any time at the option of either party, and by a 60-day notice by either party."

The said Michigan Electric Company never elected to return the lamps in payment of the $2,500 indebtedness, and petitioner is therefore not entitled to relief unless it had the right, by virtue of the above agreement, to elect to take said lamps in payment of said indebtedness. Has

it that right? That depends upon the construction of the clause:

"Party of the first part [petitioner] agrees to allow party of the second part [Michigan Electric Company] to settle the above $2,500 note by the return of lamps to that amount at purchase price at any time at the option of either party, and by a 60-day notice by either party."

Mr. Stoddard, who executed this contract for defendant, and Mr. Keech, who executed it for petitioner, each was permitted to testify to the construction he placed on this contract. It is scarcely necessary to say that we cannot be governed by their testimony, which was conflicting. This contract, like other contracts, must be construed from a consideration of its language and the surrounding circumstances. As thus construed, has petitioner a right to take the lamps in payment of its indebtedness? Petitioner insists that the words "at the option of either party" gave to it, as well as to the defendant, the right to elect whether the indebtedness should be paid in money or in lamps. We cannot assent to this construction. This renders meaningless the language "party of the first part agrees to allow party of the second part to settle the above $2,500 note by the return of lamps." The contract certainly gave to the Michigan Electric Company the right to elect to pay said indebtedness in money or in lamps. As the Michigan Electric Company had that election, it is impossible that the other party to the contract, the petitioner, should also have it. Each party to this contract could not, in the nature of things, have that election. For the election of one that payment should be made by turning over the lamps would deprive the other of the right to have payment made in money. The words "at the option of either party" must therefore receive a construction in harmony with the election given to defendant to pay the $2,500 indebtedness either in money or in lamps. It is easy to place such a construction upon those words. They relate, as decided by the circuit judge, to the time of payment of the $2,500 indebtedness. They give to

either party the option of determining by a 60-day notice when the four-months' note of $2,500 shall be paid. When that indebtedness is paid, the contract gives to defendant, but not to petitioner, the election of determining whether it shall be paid by the return of lamps or by money.

It results from these views that the petition was properly denied. The order appealed from is therefore affirmed, with costs.

MCALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.